**UNITED STATES of America,
Appellee,**

v.

**Allan Lee HEIGL, Appellant.**

**No. 71-1295.**

United States Court of Appeals,
Seventh Circuit.

Jan. 17, 1972.

Certiorari Denied May 15, 1972.
See 92 S.Ct. 1796.

Edward G. Krueger, Krueger & Dorfman, Madison, Wis., for defendant-appellant.

John O. Olson, U. S. Atty., James R. Mack, Asst. U. S. Atty., Madison, Wis., for appellee.

Before MAJOR, Senior Circuit Judge [1], KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

Defendant Heigl's appeal from his conviction for refusal to submit to induction, 50 U.S.C. App. § 462, presents the vital issue whether his local board's failure to consider "promptly" his pre-induction-order request for reclassification denied him due process. The district court decided the issue against Heigl. We affirm.

Heigl had been classified I–A. On April 26, 1968 he requested in writing a reclassification and a grant of occupational deferment. The board, however, on May 23, 1968, ordered him to report for induction June 14, 1968. Heigl did not report. On June 17 the board denied his April 26 request for deferment, and on June 19 it wrote him that it had declined to reopen his classification. The board's letter rescheduled Heigl's induction for July 26, with an admonition of the consequences of failure to report. Heigl neither reported on July 26 nor on two later scheduled dates. His indictment, bench trial and conviction followed.

It is Heigl's theory that had the board considered his April 26 request before issuing its induction order of May 23, it would have had discretion to grant or deny the request; but that having delayed consideration of the request until after the order issued, the board could not grant the request unless it specifically found under 35 C.F.R. § 1625.2 [2] that he presented new evidence showing a change of status due to circumstances over which he had no control. The lack of promptness in the board's consideration of his request is the basis of his due process contention.

There is no merit in Heigl's contention. We agree with the district court that due process did not require

1. Senior Judge Major, whose death occurred on January 4, 1972, was a member of the panel who heard oral argument, but did not participate in the adoption of this opinion.

2. § 1625.2 When registrant's classification may be reopened and considered anew.

The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; *provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.* (Emphasis added.)

that Heigl's pre-draft request be considered and acted upon before the board issued its May 23 order. The reason is that the determination to reopen or not is made as if it were being considered as of the time the board received the request.

Here the board would have been required to grant Heigl's request for a reopening on June 17 had his request of April 26, expanded in his May 9 letter, made a prima facie showing—not conclusively rebutted by information in his file—that he was entitled to the deferment. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). For the reasons given hereinafter, Heigl's implicit presupposition that had the board considered his request "promptly" it would have had to reopen, is not warranted.

So far as pertinent, Heigl's request of April 26, 1968 stated:

. . . I am notifying you . . . of a significant change in my occupational status, to wit:

I am presently employed full-time at radio station KDHL, 213 Central Ave., Faribault, Minnesota 55021.

On May 9, 1968 Heigl wrote the draft board again that there had been "a major and significant change in my occupational status which I wish to have evaluated in terms of a deferment."

■ The board could not reasonably accept Heigl's request as a prima facie showing that he was entitled to a reopening. A requirement of 32 C.F.R. §§ 1622.22, 1622.23 [3] is a finding that

Heigl's occupation was "necessary to the maintenance of the national health, safety or interest." The board could make the necessary finding only if, inter alia, Heigl "[could] not be replaced because of a shortage of persons with his qualifications or skill" as a radio employee at the Minnesota station, and that his induction "would cause a material loss of effectiveness" at the station.

■ The board's June 19, 1968 letter to Heigl stated that it had "reviewed" his request of June 17 "and declined to reopen [4]." Heigl contends that no reason is given for the board's refusal to reopen, that the letter is ambiguous and that the court should not presume that the board's treatment of his request was faithful to the requirements of the SSS regulations. We see no merit in the contention. We think Heigl's written request of April 26—supplemented by the "clarifying" statement in his May 9 letter—plainly disclosed the reason for the board's declining to reopen, i. e., he presented no prima facie showing that he was entitled to the deferment. See United States v. Lemmens, 430 F.2d 619, 623 (7th Cir. 1970).

■ Contrary to Heigl's argument, we find no evidence in his board file that the board did not consider his request as required by Sections 1625.2 and 1625.4. He claims: (a) that the file justifies inferences that the board "might" have considered irrelevant material, (b) that the board did not consider the request at all, and (c) that the board declined to reopen under a mistake of law. We have read the letters of

---

3. 32 C.F.R. § 1622.22 provides in pertinent part:

. . . In Class II-A shall be placed any registrant whose employment in industry, or other occupation or employment . . . is found to be necessary to the maintenance of the national health, safety, or interest.
32 C.F.R. § 16.22.23(a) also provides that:

A registrant's employment in industry or other occupation . . . shall be considered to be necessary to the maintenance of the national health, safety or in-

terest *only when all of the following conditions exist:*
(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.
(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.
(3) The removal of the registrant would cause a material loss of effectiveness in such activity. (Emphasis added).

4. The Heigl SSS file contains a notation that on June 17 the board, by vote of 3–0, refused to reopen.

the State Director and of the board, and Heigl's letters of April 26 and May 9, relied on by him to support his claims. We find no substance to the argument or speculations. We agree with Heigl that the new information he submitted to the State Director after June 17 was "scant." Its conclusionary character adds nothing to what was before the board on June 17.

Finally, Heigl challenges the district court finding that he had not suffered prejudice "in any degree" because of the failure of the board in its June 19 letter to inform him of the reason for declining to reopen. He claims that had the board given him the reason, he would have been prompted to bolster the weakness with further facts. In view of our conclusion that Heigl's July 21 letter to the State Director, purporting to bolster his claim, added nothing to what was before the board earlier, we reject the challenge. While we agree with Heigl that local boards should comply substantially with the regulations, we require a showing of prejudice before we find substance in a claim of due process arising from an irregularity of this quality. We think that clearly no prejudice is shown here.

Our opinion is that Heigl had nothing more to add even if he were informed of the reason. The district court referred to the Heigl showing in his letters of April 26 and May 9 for the occupational deferment as "pitifully, if not cynically, inadequate." We need only refer to our view, suggesting the frivolousness of his request for deferment, hereinabove, and Heigl's admission that his July 21 letter was "scant," for our conclusion that Heigl suffered no prejudice arising from the board's failure to comply strictly with 1625.4.

We hold the district court did not err in finding no prejudice "in any degree" in the board's failure to consider before May 23, 1968, Heigl's request for reopening of his classification.

Affirmed.